ROBERT HALL, JR., PLAINTIFF v. J. C. LITTLE AND JAMES LEON McLEAN, DEFENDANTS.

AND

ABE WARREN, PLAINTIFF v. J. C. LITTLE AND JAMES LEON McLEAN, DEFENDANTS.

(Filed 21 October, 1964.)

**Automobiles § 41f—**

> The bridge in question was some 400 feet long, cresting in the middle, so that motorists approaching from the south could not see vehicles at the north end. Evidence tending to show that both lanes were blocked at the north end because of the congregation of cars there sequent to several collisions, and that plaintiff driver could not avoid skidding and hitting the

side of the bridge before stopping, and was then successively hit by the cars of defendants, which were following him, without more, *held* insufficient to be submitted to the jury on the issue of defendants' negligence.

APPEALS by plaintiffs from *Campbell, J.,* March 9, 1964, Regular Schedule B Session of MECKLENBURG.

On December 25, 1962, plaintiff Hall was riding as a passenger in a Pontiac automobile owned and operated by plaintiff Warren. They were traveling northwardly on U. S. Highway 29. When crossing the bridge over Haw River, they saw several cars stopped at, or near, the north end of the bridge. There had been several collisions. As a result, both lanes on the bridge and highway were blocked and traffic was stopped. When Warren saw the vehicles ahead of him, he attempted to stop, but, because of ice on the bridge, was unable to do so without coming into contact with the sides of the bridge.

Shortly after Warren's car came to a stop, defendant Little, driving northward in a Ford, struck the Pontiac; "momentarily thereafter," defendant McLean, driving a Chevrolet northwardly, struck Little's Ford. Plaintiff Hall sustained personal injuries in the collision between the Pontiac and Ford, and the Chevrolet and Ford. His action is to recover damages for these injuries. Warren's Pontiac was damaged by the collision. His action is to recover the damage done to his car.

The causes were consolidated for trial. At the conclusion of plaintiffs' evidence, the court sustained motions of defendants for nonsuit. Plaintiffs appealed.

*McDougle, Ervin, Horack & Snepp by C. Eugene McCartha for plaintiff appellants.*

*Sanders & Walker, James E. Walker and J. Howard Bunn, Jr., for Defendant J. C. Little, appellee.*

*Boyle, Alexander and Wade for Defendant James Leon McLean, appellee.*

PER CURIAM. Plaintiffs allege each defendant was negligent in that he: (1) violated G.S. 20-140 making criminal the reckless driving of a motor vehicle, as that phrase is there defined; (2) violated G.S. 20-152(a) requiring the driver of a motor vehicle following another to stay a reasonable distance behind; (3) violated G.S. 20-141(a) prohibiting the operation of a motor vehicle at a speed greater than reasonable under existing conditions; (4) drove at a speed which prevented his stopping "within the assured clear distance" ahead; and (5)

failed to maintain a proper lookout, and to keep his vehicle under control.

The collision occurred about 6:30 p.m. Plaintiffs left Charlotte about 3:30 that day. There had been snow and sleet; but "it had stopped; the sun had come out, it was a little foggy; slight drizzle," there were spots of ice on the bridge.

The bridge over Haw River is approximately 400 feet long and 26 feet wide. There is a curve in the road about 1,000 feet south of the bridge. The maximum permissible speed before a northbound traveler reaches the bridge is 60 miles per hour. The speed at the curve and to the bridge is 45 miles per hour. One traveling north is on an incline approaching the southern portion of the bridge. The road peaks at the center of the bridge and then takes a sharp decline. Occupants of cars at the south end of the bridge cannot see cars stopped at the north end of the bridge. Warren testified he did not see the cars of defendants when he entered the bridge. Was it because they were then south of the curve and 1,000 feet or more behind the Pontiac? No one fixes the distance between the cars as they approached the bridge. The record is devoid of any evidence with respect to the speed at which defendants were driving. There is no evidence to show defendants were familiar with the bridge, nor was there anything to put them on notice of a dangerous condition ahead until they reached the peak in the bridge and started on the decline.

Our examination of the record fails to disclose any evidence to support plaintiffs' allegations of negligence.

Affirmed.